| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 1:09-cv-87 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| NANCY L. WALLACE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ON DAMAGES (Doc. 16) BE GRANTED; (2) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 16) BE GRANTED; AND (3) THIS CASE BE CLOSED**

This civil matter is currently before the Court on Plaintiff's motion for default judgment against Defendant Nancy L. Wallace and motion for summary judgment against Defendant William Wallace (Doc. 16). Defendant William Wallace filed a motion in opposition (Doc. 18) and Plaintiff filed a reply memorandum (Doc. 21). Defendant Nancy Wallace did not respond.

Plaintiff requests that default judgment be entered against Nancy Wallace to reduce to judgment her unpaid federal income tax liabilities for the income tax years 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, and 2006. Additionally, Plaintiff moves

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

the Court to enter summary judgment in favor of the United States and against Defendant

William Wallace to reduce to judgment his unpaid federal income tax liabilities for income

tax years 1995, 1996, 1997, and 1998.[2]

## I.    BACKGROUND FACTS

The United States commenced this civil action on February 5, 2009, and obtained

waivers of service of summons with respect to both Defendants Nancy Wallace and

William Wallace.[3]  (Docs. 1, 5, 6).  Nancy Wallace failed to answer or otherwise respond

to the amended complaint, and the Clerk entered default against her on May 13, 2009.

(Doc. 8).  William Wallace, acting *pro se*, served the counsel for the United States with a

document entitled "Defendant William R. Wallace's Answer To United States' Amended

Complaint" on April 20, 2009.  Mr. Wallace never filed the document with the Court,

despite a letter from the United States encouraging him to do so.  In October 2009, the

United States moved to tender Mr. Wallace's document to the Court upon his apparent

---

[2]  Plaintiff claims that Defendant Nancy Wallace's tax liabilities for income tax years 1995, 1996, 1997, 1998, 2004, and 2006 are joint and several with Defendant William Wallace.  On December 9, 2009, this Court entered judgment in favor of the Plaintiff and against Defendant William Wallace in the amount of $224,328.54 (with interest accruing from January 15, 2009, pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c), until paid) for his tax liabilities for income tax years 1999, 2000, 2001, 2002, 2003, 2004, 2005, and 2006.  (Doc. 12). Therefore, the judgment Plaintiff now seeks through these motions should reflect that the tax liabilities for income tax years 2004 and 2006 – already entered against William Wallace and to be entered against Nancy Wallace – are joint and several.  The balance with respect to income tax year 2004 is $71,358.50, with interest accruing thereon from February 23, 2010, pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c), until the judgment is fully paid.

[3]  The United States filed an amended complaint on February 17, 2009, pursuant to Fed. R. Civ. P. 15(a)(1)(A).  (Doc. 4).  Each defendant waived formal Rule 4 service of the amended complaint.

refusal to do so himself. (Doc. 9). The Court directed the Clerk to file Mr. Wallace's

"answer" on November 30, 2009, and it now appears on the Court's docket. (Docs. 10,

11). Also in October 2009, the United States moved for judgment on the pleadings with

respect to Mr. Wallace's tax liabilities for income tax years 1999, 2000, 2001, 2002, 2003,

2004, 2005, and 2006. (Doc. 9). The Court entered judgment in favor of the United States

and against Mr. Wallace with respect to those liabilities.[4] The United States now moves

for default judgment against Nancy Wallace and for summary judgment against William

Wallace to reduce to judgment the remaining tax assessments in the United States'

amended complaint.

## II. STANDARDS OF REVIEW

### A. Default Judgment

The procedure governing the entry of default and default judgment is provided by

Fed. R. Civ. P. 55, which states in pertinent part:

(a)     Entry. When a party against whom a judgment for affirmative relief
is sought has failed to plead or otherwise defend as provided by these rules
and that fact is made to appear by affidavit or otherwise, the clerk shall enter
the party's default.

(b) Judgment. Judgment by default may be entered as follows: (1) By the Clerk.
When the plaintiff's claim against a defendant is for a sum certain or for a sum
which can by computation be made certain, the clerk upon request of the plaintiff
and upon affidavit of the amount due shall enter judgment for that amount and costs
against the defendant, if the defendant has been defaulted for failure to appear and
if he is not an infant or incompetent person.

---

[4]  As described in footnote 2, Plaintiff claims that the tax liabilities for income tax years 2004
and 2006 are joint and several between Mr. Wallace and Nancy Wallace.

(2)  By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(a), (b).

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See* Fed. R. Civ. P. 55(a).  Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).  However, those allegations relating to the amount of damages suffered are ordinarily not; a judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.  (*Id*).

### B.    Summary Judgment

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

## III.   ANALYSIS

### A.    Default Judgment

Upon review of the record, the undersigned finds and recommends that default judgment and an entry of judgment on damages is warranted.

The undersigned finds that Defendant Nancy Wallace was properly served (Doc. 5) with notice of these proceedings in accordance with Ohio Civ. R. 4.4 and has failed to plead or otherwise defend. Defendant Nancy Wallace's failure to respond to Plaintiff's complaint, amended complaint, motions for entry of default, and motions for entry of judgment on damages has made it abundantly clear that she has no intention of defending this action. Therefore, default judgment on damages is warranted.

In this case, Plaintiff asks the Court to enter default in the amount of $765,269.60,

plus interest, and has provided affidavits and supporting documentation which establish the amount requested. (Doc. 16, Exs. A, 5). The undersigned finds that Plaintiff's requested default damages of $765,269.60 is a sum certain documented by the declaration of Joan Flach. (Doc. 16, Ex. A). Therefore, a hearing to determine damages is not necessary. Fed. R. Civ. P. 55(b); *Sw. Ohio Reg'l Council of Carpenters Pension Fund v. PJH Constr.*, No. 05-cv-19, 2005 U.S. Dist. LEXIS 15245, at *3-4 (S.D. Ohio June 28, 2005).

### B. Summary Judgment

#### 1. Innocent spouse relief

Mr. Wallace first claims that the Internal Revenue Service granted innocent spouse relief that "exonerated" him of all income tax liability for tax years 1995, 1996, 1997, and 1998. However, as explained in the declaration in support of the United States' summary judgment motion, Mr. Wallace's claim for innocent spouse relief was denied. (Doc. 16, Ex. A). Mr. Wallace does not dispute the declaration.

Mr. Wallace filed his innocent spouse election late, after the prescribed statute of limitation, such that no relief could have been granted under 26 U.S.C. § 6015(b)(1)(E). Mr. Wallace does not refute that he filed a claim for innocent spouse relief on or about February 21, 2008. (Doc. 16, Ex. A). Under § 6015, an individual must make the election within two years from the date the IRS begins collection activities. 26 U.S.C. § 6015(b)(1)(E). A "collection activity" includes when the IRS sends a § 6330 notice of its intent to levy and the taxpayer's right to collection due process. 26 C.F.R. § 1.6015-

5(2)(i), (ii).  The IRS sent such notices with respect to the tax liabilities for income tax years 1995, 1996, 1997, and 1998 on September 23, 2005.  (Doc. 16, Ex. B).  Therefore, Mr. Wallace's innocent spouse election of February 21, 2008 missed the statutory period of limitations by nearly five months, and statutorily precluded any relief under § 6015.

Notwithstanding the expired period of limitations, Congress also has not conferred jurisdiction upon the federal district courts to determine or generally review innocent spouse claims.  *United States v. Boynton*, No. 05cv2243, 2007 U.S. Dist. LEXIS 7764, *13-15 (S.D. Cal. Feb. 2, 2007).  An individual who makes a proper election for innocent spouse relief, and whose claim is either denied by the IRS or is unanswered by the IRS after 6 months, may petition the Tax Court for review.  26 U.S.C. § 6015(e)(1).  Only a court of appeals may review the decision of the Tax Court.  26 U.S.C. § 7482(a)(1).  In only one instance does § 6015 confer jurisdiction upon the federal district courts to review innocent spouse claims: when either the individual who elected innocent spouse relief or the "non-innocent" individual commences a refund suit pursuant to 26 U.S.C. § 6532 in a federal district court.  26 U.S.C. § 6015(e)(3).  In that instance, and only that instance, the Tax Court loses jurisdiction in favor of the federal district court, to the extent that it (the Tax Court) had jurisdiction.

No part of § 6015 confers jurisdiction in the federal district courts to determine innocent spouse claims in the first instance, and for § 6015(e)(3) to confer jurisdiction upon a federal district court to review an innocent spouse claim that the IRS denied or took no action upon, there must have been: (1) a proper election for innocent spouse relief

made; (2) either a denial or inaction after 6 months with respect to that election for relief

by the IRS; (3) a timely petition to the Tax Court; and (4) the timely commencement of a

refund action in a federal district court that proceeds simultaneously with the Tax Court

case.

These circumstances did not occur here. Mr. Wallace never petitioned the Tax

Court, never filed an action for refund, and never exhausted the required administrative

remedies in order to file an action for refund – including paying the full amount of the

liability first before bringing a suit in district court. *Martin v. Comm'r of Internal*

*Revenue*, 753 F.2d 1358, 1360 (6th Cir. 1985) (citing *Flora v. United States*, 357 U.S. 63

(1958)). Because Mr. Wallace failed to meet any of these prerequisites, no provision of

§ 6015 confers jurisdiction upon the Court to determine or review his claim for innocent

spouse relief.

## 2. Reduced liabilities

Mr. Wallace claims that he has no liability for income tax years 1995,1996, and

1997, because certain entries in the Certificates of Assessments and Payments state

"STATUTE EXPIRED - CLEAR TO ZERO UNCOLLECTABLE AMOUNT OWED."

(Doc. 16, Ex. B). What Mr. Wallace fails to acknowledge, however, is that following

those entries on the Certificates of Assessments and Payments for 1995, 1996, and 1997,

are entries that state "BALANCE DUE REINSTATED." (*Id.*) There is no dispute that

the liabilities are reflected in the Certificates of Assessment and Payments; Mr. Wallace

just does not acknowledge those liabilities. Moreover, Mr. Wallace does not refute the

declaration of Joan Flach, which also established his tax liabilities. (Doc. 16, Ex. A).

### 3. Time barred

Finally, Mr. Wallace requests that the Court give him an opportunity to prove that his tax liabilities for income tax years 1995, 1996, and 1997 are "time barred from collection," and attaches an unauthenticated copy of a notice of federal tax lien for those liabilities as support.

The purported notice of federal tax lien is irrelevant. Under 26 U.S.C. § 6502, taxes may be collected within 10 years after assessment or, "[i]f a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable." 26 U.S.C. § 6015(a). Here, Mr. Wallace does not refute, either in his opposition or in his "answer" that he failed to file with the Court, that the IRS assessed deficiencies in tax for tax years 1995, 1996, and 1997 on February 8, 1999. (Docs. 11, 16, Ex. B). The United States commenced the above-captioned civil action on February 5, 2009, before the 10-year period of limitations would have expired. (Doc. 1). Therefore, Mr. Wallace's liabilities for tax years 1995, 1996, and 1997 are not "time barred."

On February 17, 2009, the United States filed an amended complaint against William Wallace and Nancy Wallace. (Doc. 4). Under Federal Rule of Civil Procedure 15(c)(1)(B), amendments to pleadings relate back to the date of the original pleading when the amendment asserts a claim that arose out of the same occurrence set out in the original

pleading. The United States' amended complaint set out the same assessments as its original complaint (and the same assessment dates) and more accurately grouped the assessments into those relating just to Nancy Wallace, just to William Wallace, and to both Nancy Wallace and William Wallace. (Doc. 4). Therefore, the United States' amended complaint related back to its original complaint under Rule 15, and Mr. Wallace's liabilities for tax years 1995, 1996, and 1997 are not "time barred."

Accordingly, the United States is entitled to judgment of Mr. Wallace's income tax liability for tax years 1995, 1996, and 1997, as a matter of law.

## IV. CONCLUSION

The undersigned **RECOMMENDS THAT**:

(1)    Plaintiff's motion for summary judgment against William Wallace and motion for default judgment against Nancy Wallace (Doc. 16) be **GRANTED**; and

(2)    Defendant Nancy Wallace, individually, is indebted to plaintiff United States of America for the unpaid assessed balances of taxes and related interest and penalties for the income tax years 1999, 2000, 2001, 2002, and 2003 in the amount of $765,269.60, with interest to accrue thereon after February 23, 2010, pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c), until fully paid; and

(3)    Defendants Nancy Wallace and William Wallace, jointly and severally, are indebted to Plaintiff United States of America for the unpaid assessed balances of taxes and related interest and penalties for the income tax years 1995, 1996, 1997, and 1998 in the amount of $591,682.48, with interest to accrue thereon after February 23, 2010, pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c), until fully paid; and

(4)    Defendant Nancy Wallace is indebted to Plaintiff United States of America for the unpaid assessed balances of taxes and related interest and penalties for the income tax years 2004 and 2006 in the amount of $90,514.37, with interest to accrue thereon after February 23, 2010, pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c), until fully paid, such amount being joint and several with the United States' judgment against Defendant William Wallace in the amount of $224,328.54 (with interest accruing thereon from January 15, 2009, pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c)) entered in this Court on December 9, 2009 (Doc. Ent. 12), to the extent that that judgment against William Wallace includes amounts pertaining to income tax years 2004 and 2006.

**IT IS SO RECOMMENDED.**


DATE:_April 28, 2010_____                    _s/ Timothy S. Black_____
                                           Timothy S. Black
                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,                              Case No. 1:09-cv-87

vs.                                      Chief Judge Susan J. Dlott
                                         Magistrate Judge Timothy S. Black

NANCY L. WALLACE, *et al.*,

     Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b)(2), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).